IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NEIL JOHN TIBBS,

    Petitioner,               No. CIV S-05-2334 LKK KJM P

   vs.

D. ADAMS,

    Respondent.          ORDER

_____/

        Petitioner, a state prisoner proceeding with counsel, has timely filed a notice of appeal of this court's March 10, 2010 dismissal of his application for a writ of habeas corpus as untimely. Before petitioner can appeal this decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

        A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. Fed. R. App. P. 22(b).

        Where, as here, the petition was dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show: (1) 'that jurists of reason would find it

1

debatable whether the district court was correct in its procedural ruling'; and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). As to the second step of the analysis, the court is "simply [to] take a quick look at the face of the [petition] to determine whether the petitioner has facially alleged the denial of a constitutional right." Morris, 229 F.3d at 781 (quoting Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000)).

Jurists of reason could find it debatable whether the district court was correct in its procedural ruling that counsel's delay in filing petitioner's state habeas petitions does not support petitioner's claim for equitable tolling when counsel was not retained to file the federal petition or was not made aware that the federal petition was the ultimate goal of the litigation.

Further, petitioner has made a facial showing of the denial of constitutional right in the following claims: (1) whether the failure to suspend petitioner's trial after a competency determination was ordered violated due process; (2) whether trial counsel's withdrawal of the request for a competency determination constituted ineffective assistance of counsel; (3) whether appellate counsel's failure to investigate whether trial counsel was ineffective constitutes ineffective assistance of appellate counsel; (4) whether the state appellate court violated petitioner's due process rights on direct appeal by failing to credit his allegations as true in the absence of contrary evidence from the state; (5) whether the alleged improper swearing in of a juror violated petitioner's rights to due process and a fair trial; and (6) whether the trial court's admission of petitioner's confession into evidence violated Miranda v. Arizona, 384 U.S. 436 (1966).

Accordingly, IT IS HEREBY ORDERED that a certificate of appealability is issued in the present action as to the issues indicated above.

////

1  DATED: May 18, 2010.

```
                    /s/ Lawrence K. Karlton
                    LAWRENCE K. KARLTON
                    SENIOR JUDGE
                    UNITED STATES DISTRICT COURT
```

3